UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
ESBIN & ALTER, LLP,

              Plaintiff,

v.

PAUL ZAPPIER and ADVANCED TRADE
SETTLEMENT, LLC,

              Defendants.
-------------------------------------------------------- X

**DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES**

Civ. Action No.
08-CV-0313 (SCR)(MDF)

Defendants Paul Zappier (hereinafter "Zappier," "Mr. Zappier" or "Defendant Zappier") and Advanced Trade Settlement, LLC (hereinafter "ATS" or "Defendant ATS"), by their attorneys, The Boyd Law Group, PLLC and through this Answer and all prior and subsequent submissions, answer the Complaint (the "Complaint") of Plaintiff as follows:

### NATURE OF THE ACTION

1. Defendants deny the allegations against Defendants set forth in Paragraph 1 of the Complaint, except to admit that Plaintiff purports to bring an action against Defendants for copyright infringement, breach of contract, breach of confidence and fiduciary duty, trade secret misappropriation, and unfair competition. Defendant Zappier admits that he was hired to design a computer program for Plaintiff, and that he signed a written agreement containing terms that governed the relationship.

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Defendants deny the allegations in Paragraph 3 of the Complaint.

4. Defendants admit the allegations in Paragraph 4 of the Complaint to the extent that Plaintiff purports to seek the intervention of this Court.

### JURISDICTION AND VENUE

5. The allegations in Paragraph 5 state legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 5 of the Complaint.

6. The allegations in Paragraph 5 state legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 6 of the Complaint except to admit that both Defendant Zappier's residence and ATS' principal place of business are in this district.

## PARTIES

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 7 of the Complaint, except to admit that E&A's principal place of business was located at 497 South Main Street, New City, New York 10956 during the time Defendant Zappier worked there.

8. Defendants admit the statement in Paragraph 8 of the Complaint.

9. Defendants admit the statement in Paragraph 9 of the Complaint.

## GENERAL ALLEGATIONS

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants admit the allegation in Paragraph 11 of the Complaint, but deny that the agreement annexed to the Complaint as Exhibit A is a true and correct copy of the final version of the agreement that Defendant Zappier reviewed. This objection is a continuing one and applies to all instances where Plaintiff refers to this tendered agreement.

12. Defendants admit the allegation in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint, except to admit that the programming Mr. Zappier undertook for Plaintiff included such aspects as a billing system, an invoice creator, a trade tracking and status reporting function, attendance keeping, certain administrative functions, and integration with the Microsoft® Outlook program.

15.   Defendants deny the allegations in Paragraph 15 of the Complaint.

16.   Defendants deny the allegations in Paragraph 16 of the Complaint, except to admit that ATS was formed in July 2007.

17.   Defendants admit the statements in Paragraph 17 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the truth of the allegation that many of the representatives at the LSTA conference were either clients or competitors of E&A.

18.   Defendants admit the allegations in Paragraph 18 of the Complaint.

19.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20.   Defendants deny the allegations in Paragraph 20 of the Complaint.

21.   Defendants deny the allegations in Paragraph 21 of the Complaint.

22.   Defendants admit the allegations in Paragraph 22 of the Complaint.

23.   Defendants admit the allegations in Paragraph 23 of the Complaint.

## CLAIM I

(Copyright Infringement Against Zappier and ATS)

24.   Defendants adopt and incorporate their responses to the allegations set forth in each and every preceding paragraph of the Complaint as if fully set forth herein.

25.   (1) Defendants deny the allegations set forth in Paragraph 25 to the extent that notwithstanding Plaintiff's choice to refer to the program at issue as "MATTERS" in the Complaint, the agreement refers to "the Firms' version of the Works." (2) Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second Paragraph 25 of the Complaint.[1]

26.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

---

[1] Plaintiff's Complaint appears to contain an error with the numbering of the paragraphs as two paragraphs are numbered as Paragraph 25. Defendants have responded to the allegations contained in both paragraphs under Paragraph 25 (1) and (2) above.

3

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint, except to admit that Defendants are engaged in efforts to market the ATS Software to the public.

## CLAIM II

(Breach of Contract Against Zappier)

30. Defendant Zappier adopts and incorporates his responses to the allegations set forth in each and every preceding paragraph of the Complaint as if fully set forth herein.

31. Defendant Zappier admits the allegations in Paragraph 31 of the Complaint.

32. Defendant Zappier denies the allegations set forth in Paragraph 15 to the extent that notwithstanding Plaintiff's choice to refer to the program at issue as "MATTERS" in the Complaint, the agreement refers to "the Works" as distinguished from the existing Matters software.

33. Defendant Zappier denies the allegations set forth in Paragraph 33 to the extent that notwithstanding Plaintiff's choice to refer to the program at issue as "MATTERS" in the Complaint, the agreement refers to "the Firms' version of the Works."

34. Defendant Zappier admits the allegations in Paragraph 34 of the Complaint.

35. Defendant Zappier denies the allegations in Paragraph 35 of the Complaint.

36. Defendant Zappier denies the allegations in Paragraph 36 of the Complaint.

## CLAIM III

(Breach of Confidence/Fiduciary Duty Against Zappier)

37. All allegations relating to Count 3 of Plaintiff's Complaint are the subject of Defendant Zappier's Motion to Dismiss also filed on February 21, 2008, and do not require a responsive pleading here.

38. All allegations relating to Count 3 of Plaintiff's Complaint are the subject of Defendant Zappier's Motion to Dismiss also filed on February 21, 2008, and do not require a

responsive pleading here.

39. All allegations relating to Count 3 of Plaintiff's Complaint are the subject of Defendant Zappier's Motion to Dismiss also filed on February 21, 2008, and do not require a responsive pleading here.

40. All allegations relating to Count 3 of Plaintiff's Complaint are the subject of Defendant Zappier's Motion to Dismiss also filed on February 21, 2008, and do not require a responsive pleading here.

41. All allegations relating to Count 3 of Plaintiff's Complaint are the subject of Defendant Zappier's Motion to Dismiss also filed on February 21, 2008, and do not require a responsive pleading here.

42. All allegations relating to Count 3 of Plaintiff's Complaint are the subject of Defendant Zappier's Motion to Dismiss also filed on February 21, 2008, and do not require a responsive pleading here.

## CLAIM IV

(Trade Secret Misappropriation Against Zappier and ATS)

43. Defendants adopt and incorporate their responses to the allegations set forth in each and every preceding paragraph of the Complaint as if fully set forth herein.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and to the extent that they can, deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and to the extent that they can, deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

## CLAIM V

(Unfair Competition Against Zappier and ATS)

50. Defendants adopt and incorporate their responses to the allegations set forth in each and every preceding paragraph of the Complaint as if fully set forth herein.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants admit the allegations in Paragraph 52 of the Complaint to the extent that ATS was created during the time that Defendant Zappier was employed by E&A.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

## JURY DEMAND

57. Defendants deny that Plaintiff is entitled to a jury trial.

## PRAYER FOR RELIEF

The paragraphs immediately following Paragraph 57 of the Complaint state a prayer for relief to which no responsive pleading is required.[2] To the extent a responsive pleading is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof with respect to the matters asserted, Defendants plead the following defenses:

## FIRST AFFIRMATIVE DEFENSE

---

[2] Plaintiff's Complaint appears to contain another error with the numbering of the paragraphs in that both the last paragraph under Claim V and the first paragraph under Prayer for Relief are numbered as Paragraph 57. Defendants refer here to the first Paragraph 57, which is the last paragraph under Claim V.

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for lack of subject matter jurisdiction to the extent Plaintiff lacks a valid registration for the copyright alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they lack standing to assert claims for the claimed copyright.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they have caused fraud upon the Copyright office.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's copyright lacks originality and therefore the copyrights are invalid and unenforceable.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

The ATS Software of which Plaintiff complains was created independently of, and without reference to, Plaintiff's version of the Works.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of innocent intent.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the purported misconduct of Defendants was and is protected by their right to free speech under the First Amendment of the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright misuse.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of license, consent, acquiescence, waiver, laches and/or estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

The actions or omissions of Defendants did not cause Plaintiff to suffer damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Even if Plaintiff's allegations are true, which they are not, Plaintiff is not entitled to any monetary damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the failure to mitigate damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to a set off for damages to Defendants caused by Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged claims are neither well-grounded in fact nor warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law within the meaning of Rule 11 of the Federal Rules of Civil Procedure.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish grounds upon which an award of attorneys' fees can be granted.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this action.

WHEREFORE, having fully answered Plaintiff's allegations, Defendants respectfully

request dismissal of the Complaint, with prejudice, an award of costs, including reasonable attorneys' fees incurred in the defense of this action, as well as such other and further relief as the Court deems just and proper.

Dated: February 21, 2008
       New York, New York

                                   THE BOYD LAW GROUP, PLLC

                                   By:_____
                                   Patrick J. Boyd
                                   Attorneys for Defendants
                                   230 Park Avenue, Suite 1000
                                   New York, New York 10169
                                   Tel: (212) 808-3054

cc:    Daniel Alter, Esq.
        Files