UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ESBIN & ALTER, LLP,                          :
                                             :
                    Plaintiff,               :
                                             :   Civ. Action No.
        v.                                   :   08-CV-0313 (SCR)(MDF)
                                             :
PAUL ZAPPIER and ADVANCED TRADE              :
SETTLEMENT, LLC,                             :
                                             :
                    Defendants.              :
                                             :
------------------------------------------------------------ X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT PAUL ZAPPIER'S MOTION TO DISMISS

Dated: New York, New York
       February 21, 2008

THE BOYD LAW GROUP, PLLC
Patrick J. Boyd
Attorneys for Defendants
230 Park Avenue, Suite 1000
New York, New York 10169
Telephone: (212) 808-3054
Facsimile: (212) 808-3020

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

STANDARDS OF REVIEW ..................................................................................................... 4

ARGUMENT ............................................................................................................................. 5

    I.   Plaintiff's Breach of Fiduciary Duty Claim Must be Dismissed Because Such a Duty did not Exist ...................................................... 5

    II.  Plaintiff's Breach of Fiduciary Duty Claim Must be Dismissed Because it is Duplicative of the Breach of Contract Claim ................................................................................ 7

CONCLUSION .......................................................................................................................... 9

## TABLE OF AUTHORITIES

### Cases

Apple Records, Inc. v. Capitol Records, Inc., 824 N.Y.S.2d 752, (Sup.Ct., N.Y. County) .................................................................................................. 6

Atlantis Information Technology v. CA Inc., 485 F.Supp.2d 224, 231 (E.D.N.Y. 2007) ........................................................................................... 5, 8

Cal Distributor Inc. v. Cadbury Schweppes Americas Beverages Inc., No. 06 Civ. 0496, 2007 U.S. Dist. LEXIS 854, at *28 (S.D.N.Y. January 5, 2007) ................ 8

Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) .................... 4

Dangler v. New York City Off Track Betting Corp., 193 F.2d 130, 138 (2d Cir. 1999) .............................................................................................................. 5

Festa v. Local 3 International Bhd. Of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990) .............................................................................................................. 4

Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 362 (2d Cir. 2005) ................................................................................................................... 4

Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co., 32 F.3d 697, 699-700 (2d Cir. 1994) ............................................................................................................... 4

Langford v. Roman Catholic Diocese of Brooklyn, 677 N.Y.S.2d 436, 438 (Sup.Ct., N.Y. County) .................................................................................... 6

National Westminster Bank, U.S.A. v. Ross, 130 B.R. 656, 679 (S.D.N.Y. 1991) ............................................................................................................. 7

Network Enters. V. APBA Offshore Prods., No. 01 Civ. 11765, 2004 U.S. Dist. LEXIS 16161, at *4 (S.D.N.Y. Aug. 16, 2004) .................................................. 8

Osan Limited v. Accenture LLP, 454 F.Supp.2d 46, 56 (E.D.N.Y. 2006) ...................... 6, 7

Rogers v. HSN Direct Joint Venture, No. 97 Civ. 7710, 1998 U.S. Dist.
    LEXIS 13932, at *5 (S.D.N.Y. September 3, 1998) ...................................... 6

Sanshoe Trading Corp. v. Mitsubishi Int'l Corp., 470 N.Y.S.2d 991, 993
    (Sup. Ct., N.Y. County) ................................................................................ 6

Thomas v. Dep't of Veterans Affairs, No. 05 Civ. 5348, 2006 WL
    1636738, at *8 (S.D.N.Y. April 3, 2006) ...................................................... 5

Torres v. U.S. Dep't of Veteran Affairs, No. 02 Civ. 9601, 2004 WL
    691237, at *2 (S.D.N.Y. March 31, 2004) .................................................... 5

## Rules and Statutes

Federal Rule of Civil Procedure 12(b)(6) .......................................................... 1, 4

## **PRELIMINARY STATEMENT**

Defendant Paul Zappier (hereinafter "Zappier," "Mr. Zappier" or "Defendant Zappier"), by his attorneys, The Boyd Law Group, PLLC, respectfully submits this memorandum of law in support of Zappier's motion to dismiss Claim 3 of Plaintiff's Complaint for breach of fiduciary duty. For the reasons set forth herein and in the Affidavit of Patrick J. Boyd (and attachments thereto), Defendant Zappier's motion to dismiss Plaintiff's claim of breach of fiduciary duty pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted.

Plaintiff Esbin & Alter, LLP (hereinafter "Plaintiff" or "E&A") bring this action against Defendants Paul Zappier and ATS, one of his corporate entities, for: (i) copyright infringement; (ii) breach of contract; (iii) breach of confidence and fiduciary duty; (iv) trade secret misappropriation; and (v) unfair competition. These claims arise out of work Defendant Zappier performed pursuant to a contractual consulting agreement between Plaintiff and Defendant Zappier.[1]

Pursuant to the agreement at issue, Defendant Zappier was to implement an existing computer application that he designed and customize it to Plaintiff's needs. Defendant Zappier was told which tasks to perform, and paid by E&A for his work in the most conventional of consulting arrangements. E&A requested that Defendant Zappier sign a contract pertaining to his work, and there was no prior business history that encumbered or enhanced the expectations of the parties beyond the contract terms themselves. It was a one-time business relationship established and conducted at arms-length.

---

[1] Please note that Defendant Zappier disputes the validity of the written agreement tendered by Plaintiff as Exhibit A to the Complaint. Defendant Zappier believes the copy is not the final version of the agreement that he reviewed and executed. Defendant Zappier intends this objection to be continuing and to apply in all instances where Plaintiff refers to this tendered agreement.

Notwithstanding the foregoing and contrary to case precedent, Plaintiff E&A here seeks to impose a fiduciary duty upon Defendant Zappier and alleges that he breached such duty. Plaintiff fails to establish, however, the existence of a special type of business relationship which would impose fiduciary duties upon Mr. Zappier. In fact, all Plaintiff suggests is that Defendant was entrusted with confidential information. This allegation, even if true, is wholly insufficient to form a fiduciary relationship. The trusting exchange of information is a general requirement in most business transactions, but does not in and of itself result in the imposition of fiduciary obligations. As a result, Plaintiff's claim cannot stand.

In this case, furthermore, the parties executed a complete written agreement containing specific terms governing the information shared between the parties. As such, Plaintiff's allegations for breach of fiduciary duty are wholly encompassed by its claim for breach of contract. As set forth below, the laws of New York do not permit a plaintiff to plead the same exact cause of action twice, once under a theory of contract and then under a theory of fiduciary duty.

Defendant Zappier respectfully requests, therefore, that this discrete cause of action be dismissed as a matter of law.

## STATEMENT OF FACTS

Plaintiff E&A is a law firm specializing in the trade of loans. (*See* Compl. ¶ 10). Defendant Zappier is a computer programmer who has designed several programs, including one called "Matters," that serve as a tool for law firms like E&A in facilitating office and database management. (*See* Compl. ¶ 10). Defendant ATS is a limited liability company founded by Defendant Zappier for the purpose of providing services or

2

entering into business deals involving the ATS Software that he created.

On or about January of 2004, E&A retained Defendant Zappier as a computer programming consultant to implement and modify his Matters program for E&A. (*See* Compl. ¶ 10). Zappier had tailored Matters for several other law firms for similar purposes, including Sabharwal, Globus and Lim, LLP, Mandel Katz Manna and Brosnan, LLP and Kieselstein & Lee, LLP before working with Plaintiff E&A. (*See* Aff. of Paul Zappier ¶ 4, 6).

Consistent with ongoing communication between the parties, Defendant Zappier tailored Matters for E&A starting on or about January 2004. (*See* Compl. ¶10) He was given an agreement to sign regarding his engagement with E&A on or about August 15, 2007, and very near in time to his departure from E&A. (*See* Compl. ¶11). The agreement specifically provided that "all improvements and additions of any kind developed and implemented specifically for [E&A] after January 2004" would be exclusively controlled by E&A. (*See* Compl. ¶11). Consistent with the contract, the E&A tailored version of Matters was designated as "the Works." (*See* Compl. at Ex. A). Zappier finished his services for E&A and left on or about August 2007. (*See* Compl. ¶12).

While working with E&A, Zappier worked on a brand new software product for his company, ATS. He developed the software for ATS single-handedly and independently. (*See* Zappier Aff. ¶ 10). Zappier developed the source code for ATS from scratch, and did not use E&A' version of the Matters program or any of E&A's resources or confidential information in the development. (*See* Zappier Aff. ¶ 12).

Notwithstanding the foregoing, on or about October 29, 2007, then counsel for

3

E&A wrote to Mr. Zappier attempting to dissuade him from using or marketing ATS Software in any fashion. (*See* Compl. at Ex. B). Undersigned counsel for Defendants responded to this letter with an assertion of the complete difference between the ATS software and the software governed in the contract between Zappier and E&A. (*See* Compl. at Ex. B). No further interactions between the parties took place until this suit commenced in January of 2008.

## STANDARDS OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the court to dismiss a claim where it appears from the face of the complaint that the plaintiff has failed "to state a claim upon which relief can be granted." Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991). The court must accept as true all material facts well-pleaded in the complaint and must make all reasonable inferences in the light most favorable to the plaintiff. Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co., 32 F.3d 697, 699-700 (2d Cir. 1994). Once it has done so, dismissal is appropriate where it "appears beyond doubt that the plaintiff can prove no set of facts to support his claim that would entitle him to relief." Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 362 (2d Cir. 2005). The focus of the court's inquiry is in determining whether the complaint itself is legally sufficient, and it is not to weigh the evidence that might be presented at trial. Festa v. Local 3 International Bhd. Of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990).

In reviewing a motion to dismiss, the court may consider any facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference. Dangler v. New York City Off Track Betting Corp., 193 F.2d 130, 138 (2d

4

Cir. 1999); Torres v. U.S. Dep't of Veteran Affairs, No. 02 Civ. 9601, 2004 WL 691237, at *2 (S.D.N.Y. March 31, 2004). Additionally, a court may consider documents that the plaintiff either possessed or had knowledge of and upon which she relied in bringing the suit. See Thomas v. Dep't of Veterans Affairs, No. 05 Civ. 5348, 2006 WL 1636738, at *8 (S.D.N.Y. April 3, 2006).

## ARGUMENT

### I. Plaintiff's Breach of Fiduciary Claim Must be Dismissed Because Such a Duty did not Exist

In Claim 3 of the Complaint, Plaintiff alleges that Defendant Zappier breached the fiduciary duties of trust and confidence by incorporating proprietary elements of the Matters program into the ATS Software. To make such a claim, however, Plaintiff must first show that expectations of such fiduciary duties arose between the parties based on their relationship. E&A's claim fails because nothing in the Complaint, even when viewed in a light most favorable to Plaintiff, can show that a fiduciary relationship existed between Plaintiff and Defendant Zappier.

To make an argument for breach of fiduciary duty, a plaintiff must first show fiduciary duties govern the conduct of a party by virtue of a special relationship. Atlantis Information Technology v. CA Inc., 485 F.Supp.2d 224, 231 (E.D.N.Y. 2007). In New York, Courts consider the following four elements in determining whether such a special fiduciary relationship existed: (i) the vulnerability of one party to the other, which; (ii) results in an empowerment of the stronger party by the weaker party which; (iii) empowerment was solicited or accepted by the stronger party and; (iv) prevents the weaker party from effectively protecting itself. Osan Limited v. Accenture LLP, 454

5

F.Supp.2d 46, 56 (E.D.N.Y. 2006). As a result of this standard, commercial transactions entered into at arms-length do not give rise to a fiduciary relationship, even if one party has placed trust in the other. Rogers v. HSN Direct Joint Venture, No. 97 Civ. 7710, 1998 U.S. Dist. LEXIS 13932, at *5 (S.D.N.Y. September 3, 1998), citing Sanshoe Trading Corp. v. Mitsubishi Int'l Corp., 470 N.Y.S.2d 991, 993 (Sup. Ct., N.Y. County).

Here, Plaintiff cannot show a single factor from those above that goes toward establishing the existence of a fiduciary relationship. Plaintiff E&A voluntarily engaged Defendant Zappier in his individual capacity as a computer consultant. E&A retained him with the specific understanding that they would provide confidential information to Zappier so that he could customize their software. They paid Mr. Zappier on the basis of his services, dictated the work he performed for them, critiqued his work and controlled the manner of his employment. Plaintiff was, moreover, empowered to impose and did impose contractual limitations on Mr. Zappier's actions by virtue of the written agreement at issue in the Complaint. E&A was certainly not vulnerable in the relationship in any sense, and this set of facts hardly establishes the inherent imbalance between parties that may give rise to fiduciary duties. See Langford v. Roman Catholic Diocese of Brooklyn, 677 N.Y.S.2d 436, 438 (Sup.Ct., N.Y. County)(stating that the basis of the law governing fiduciary duty lies where there is an inherent imbalance between the parties); see c.f. Apple Records, Inc. v. Capitol Records, Inc., 824 N.Y.S.2d 752, (Sup.Ct., N.Y. County)(finding basis for fiduciary duties where fifty years of plaintiffs' exclusive dealing with defendants and the resulting integration of defendants in plaintiffs' careers created an intimacy far exceeding mere commercial or contractual relationships).

Consistent with the above analysis, the relationship between Plaintiff and Zappier was a standard business relationship. It was a one-time commercial transaction and there was no prior relationship that might have created any special expectations between the parties. There were simply no extraordinary circumstances above and beyond convention. The purported relation of confidence and trust among the parties, moreover, does not change the legal analysis. *See* Osan Limited, at 57, citing National Westminster Bank, U.S.A. v. Ross, 130 B.R. 656, 679 (S.D.N.Y. 1991). In this context, there is no basis for imposing upon Defendant Zappier any implied fiduciary duty. Plaintiff's claim for breach of such duty should be dismissed as a result.

## II.  Plaintiff's Breach of Fiduciary Duty Claim Must be Dismissed Because it is Duplicative of the Breach of Contract Claim

Even assuming *arguendo* that Plaintiff set forth sufficient facts to support the finding of a fiduciary relationship, the Court should dismiss Plaintiff's breach of fiduciary duty claim because it is completely duplicative of the breach of contract claim. Multiple provisions of the contract specifically govern disclosure of information, which forms the sole basis of the claim for fiduciary breach. The claims are thus based on identical issues of fact; one is merely the restatement of the other.

A claim for breach of fiduciary duty cannot stand if it is merely a disguised restatement of a claim for breach of contract. Cal Distributor Inc. v. Cadbury Schweppes Americas Beverages Inc., No. 06 Civ. 0496, 2007 U.S. Dist. LEXIS 854, at *28 (S.D.N.Y. January 5, 2007). Fiduciary duties of confidence and trust are distinct and separate from the implied duty of good faith to which all parties to an express contract are bound. As a result, where breach of fiduciary duty is alleged upon facts governed by an express

7

contract, the issues are properly considered only under a theory of contract. Id. at *28. citing Network Enters. V. APBA Offshore Prods., No. 01 Civ. 11765, 2004 U.S. Dist. LEXIS 16161, at *4 (S.D.N.Y. Aug. 16, 2004).

The overlap the precedent above seeks to prevent is evident in this case. The allegations underlying Plaintiff's breach of fiduciary duty claim are entirely contained within the breach of contract claim. Plaintiff argues, for example, that Defendant Zappier breached fiduciary duties of confidence and trust by incorporating E&A's confidential and proprietary information into the ATS Software. (See Compl. ¶ 39 - 41.) Plaintiff's contract claims, however, arise out of the very same allegation. Claim 2 of the Complaint sets forth three sections of the contract that Defendant Zappier allegedly breached, and describes each of these sections as "expressly protect[ing] the confidentiality and exclusive ownership of E&A's proprietary information." (See Compl. ¶ 31). Both claims involve the very same factual inquiry, namely whether Zappier used proprietary and/or confidential information belonging to E&A in his own business. As such, the breach of fiduciary duty claim is meritless and nothing more than a thinly-concealed restatement of Plaintiff's claim for breach of contract. See Cal Distributor Inc., at *28; see also Atlantis Information Technology, at *15. For all of these reasons, Plaintiff's claim for breach of fiduciary duty must be dismissed.

## CONCLUSION

For all the foregoing reasons, and based upon all the documents incorporated by reference herein, Defendant Zappier respectfully requests that the Court dismiss Plaintiff Esbin & Alter LLP's claim of breach of confidence and fiduciary duty, and for such other and further relief as this Court deems just and proper.

8

Dated: New York, New York
February 21, 2008

                                              THE BOYD LAW GROUP, PLLC

                                              By:_____
                                                 Patrick J. Boyd
                                                 Attorney for Defendants
                                                 230 Park Avenue, Suite 1000
                                                 New York, New York 10169

cc:    Daniel Alter, Esq.
        Files