UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ESBIN & ALTER, LLP,

               *Plaintiff,*

    -- against --                                    Dkt. No. 08 Civ. 313 (SCR)

PAUL ZAPPIER and ADVANCED TRADE
SETTLEMENT, LLC,

               *Defendants.*
------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANT PAUL ZAPPIER'S MOTION TO DISMISS

DANIEL S. ALTER, ESQ. (DA-7158)
ALTER & ALTER, LLP
300 East 42nd Street, 10th Floor
New York, NY 10017
(212) 867-7777
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

Page(s)

Table of Contents............................................................................. i

Table of Cases and Authorities........................................................ ii

Preliminary Statement..................................................................... 1

The Complaint's Relevant Allegations............................................ 2

Argument......................................................................................... 3

Point I: The Court Should Disregard Zappier's Affidavit .................... 3

Point II: The Complaint States a Claim For Breach of Fiduciary Duty...... 4

    A. Zappier Owed E&A a Fiduciary Duty................................. 5

    B. E&A's Claims for Fiduciary and Contractual Breaches are Distinct............................................................................... 7

Conclusion....................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**          Page(s)

*ADT Operations, Inc. v. Chase Manhattan Bank, N.A.*, 173 Misc.2d
    959, 662 N.Y.S.2d 190 (Sup. Ct. N.Y. Co. 1997).................... 5, 6

*Bullmore v. Ernst & Young Cayman Islands*, 45 A.D.3d 461, 846
    N.Y.S.2d 145 (1st Dep't 2007)........................................ 7

*Broadway Nat'l Bank v. Barton-Russell Corp.*, 154 Misc.2d 181,
    585 N.Y.S.2d 933 (Sup. Ct. N.Y. Co. 1992)........................... 7, 8

*Dembeck v. 220 Central Park South, LLC*, 33 A.D.3d 491, 823
    N.Y.S.2d 45 (1st Dep't 2006)........................................ 5

*EBC I, Inc. v. Goldman, Sachs & Co.*, 5 N.Y.3d 11, 799 N.Y.S.2d
    170 (2005)......................................................... 5, 6, 7, 8

*Faulkner v. Beer*, 463 F.3d 130 (2d Cir. 2006)......................... 4

*Friedl v. City of New York*, 210 F.3d 79 (2d Cir. 2000).............. 4

*Global Network Comms., Inc. v. City of New York*, 458 F.3d 150
    (2d Cir. 2006)..................................................... 4

*Mandelblatt v. Devon Stores, Inc.*, 132 A.D.2d 162, 521 N.Y.S.2d 672
    (1st Dep't 1988)................................................... 5, 6, 7

*Zimmer-Masiello, Inc. v. Zimmer, Inc.*, 159 A.D.2d 363, 552 N.Y.S.935
    (1st Dep't 1990)................................................... 5, 6

*Sally Lou Fashions Corp. v. Camhe-Marcille*, 300 A.D.2d 224, 755
    N.Y.S.2d 67 (1st Dep't 2002)....................................... 7

*Osan Ltd. v. Accenture LLP*, 454 F. Supp.2d 46 (E.D.N.Y.)............ 7

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ESBIN & ALTER, LLP,

              *Plaintiff,*

    -- against --

PAUL ZAPPIER and ADVANCED TRADE
SETTLEMENT, LLC,

             *Defendants.*
------------------------------------------------------------x

Dkt. No. 08 Civ. 313 (SCR)

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT PAUL ZAPPIER'S MOTION TO DISMISS

### Preliminary Statement

Plaintiff Esbin & Alter, LLP ("E&A"), respectfully submits this memorandum of law in opposition to the motion to dismiss submitted by defendant Paul Zappier ("Zappier"). In 2004, E&A hired Zappier to design a computer program that would automate many of the tasks undertaken by E&A in performing legal services for clients trading in securities and distressed debt. As E&A's complaint alleges in detail, Zappier misappropriated confidential and proprietary information that he garnered from E&A during the *more than 3 years* that he worked for the firm. He did this in order to compete with E&A for business. The complaint asserts claims for copyright infringement, breach of contract, trade secret misappropriation, unfair competition, and breach of fiduciary duty/breach of confidence. Zappier's motion challenges only the last cause of action.

The motion is devoid of merit. As an initial matter, it is procedurally defective. In moving to dismiss E&A's claim for breach of fiduciary duty, Zappier presents facts beyond those contained in the pleadings – disputed facts that are contained in his supporting affidavit.

Zappier thereby undermines the basic function of a 12(b)(6) motion, which is to test the sufficiency of the complaint. The Court should disregard those extraneous allegations.

Zappier also misstates the applicable rules governing fiduciary obligations. New York law is clear that a consultant who provides specialized advice for a client's benefit is a fiduciary within the scope of that relationship. New York law is also clear that a fiduciary relationship can arise from a party's trusting disclosure of confidential or proprietary information to another. The complaint squarely alleges facts sufficient to state a claim under either theory.

Moreover, contrary to Zappier's argument, E&A's claim for breach of trust is not foreclosed simply because Zappier's conduct also violated the confidentiality provisions of the parties' consulting agreement. New York law makes plain that a contract claim does not preclude recovery for a fiduciary's breach of duty, where a fiduciary relationship arises independent of the contract. The complaint alleges facts that substantiate a basis for fiduciary liability that is separate and apart from Zappier's contractual liability.

Accordingly, Zappier's motion to dismiss E&A's claim for breach of fiduciary duty should be denied.

## THE COMPLAINT'S RELEVANT ALLEGATIONS

The complaint lays a solid foundation for E&A's claim for Zappier's fiduciary breach. It alleges that in the course of Zappier's more than three years of consulting, "E&A disclosed some of its most confidential practices, procedures, documents, and general know-how to Zappier regarding the business of distressed debt trading. . . . This information included confidential procedures and business expertise that had been developed by E&A and its attorneys over many years of practice." Complaint ¶ 13. The complaint also alleges that E&A likewise "disclosed to Zappier proprietary documents used by the firm to execute business trades." *Id.* ¶ 14.

2

Importantly, the pleadings further state that, "[o]ver the course of Zappier's several years of employment, E&A developed a relationship of substantial trust with him." *Id.* ¶ 15. According to the complaint, Zappier "became a familiar presence in the office and was included in firm meetings and planning sessions," and, "[b]ased on the level of trust that [Zappier] enjoyed, E&A administrative/paralegal staff began responding to his direct requests for information without direction from E&A attorneys." *Id.* ¶ 15; *see also id.* ¶ 38 ("During the course of Zappier's employment, E&A relied upon him tremendously to improve the firm's operations, and Zappier established personal relationships with E&A partners and staff members. E&A lawyers and paralegal staff invested substantial trust in him and his professed allegiance to the firm.").

"In reliance upon that trust, E&A provided Zappier with access to highly proprietary information and disclosed confidential methods and practices to him that the firm did not even disclose to clients, much less reveal to the public." *Id.* ¶ 39. Furthermore, "Zappier was aware that he enjoyed a position of trust within E&A, and he availed himself of that trust by requesting access to confidential and proprietary information, such as specific procedures and documents used by the firm in trading distressed debt for clients." *Id.* ¶ 40. This exceedingly high level of trust was made evident "on several occasions" when Zappier "asked and received from E&A staff copies of proprietary documents *that were not directly related to his design work.*" *Id.* ¶ 15 (emphasis added).

## ARGUMENT

### POINT I

### THE COURT SHOULD DISREGARD ZAPPIER'S AFFIDAVIT

The general rule barring consideration of materials outside the pleadings on a motion to dismiss is practically etched in stone. "The purpose of Rule 12(b)(6) is to test, in a streamlined

3

fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits." *Global Network Comms., Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) (emphasis in original). The Second Circuit has left little room for variance: "a district court errs when it consider[s] affidavits and exhibits submitted by defendants" in support of a motion to dismiss. *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (internal quotation marks omitted). And such error is reversible in almost all cases. "Vacatur is required even where the court's ruling simply mak[es] a connection not established by the complaint alone or contains an unexplained reference that raises the possibility that it improperly relied on matters outside the pleading in granting the defendants Rule 12(b)(6) motion." *Id.* at 84 (internal quotation marks omitted).

The only exceptions to this rule involve extrinsic materials that are either "integral" to the complaint – *i.e.*, that a plaintiff relied "on the terms and effect of [the] document in drafting the complaint" – or qualify as "an appropriate subject for judicial notice." *Global Network*, 458 F.3d at 156 (internal quotation marks omitted); *see also Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). Because Zappier's affidavit falls into neither limited category, the Court should disregard it entirely.

## POINT II

### THE COMPLAINT STATES A CLAIM FOR BREACH OF FIDUCIARY DUTY

Zappier challenges E&A's claim for tortious breach of confidence in two ways. First, he argues that no fiduciary relationship ever existed between the parties. *See* Zappier Br. at 5-7. Second, he maintains that E&A's contract claim supplants any claim for breach of fiduciary duty. *See id.* at 7-8. Zappier is wrong on both counts.

4

### A. Zappier Owed E&A a Fiduciary Duty

New York's highest court has held that a "fiduciary relationship exists between two persons when one of them is under a duty to act for or *give advice* for the benefit of another upon matters within the scope of the relation." *EBC I, Inc. v. Goldman, Sachs & Co.*, 5 N.Y.3d 11, 19, 799 N.Y.S.2d 170, 175 (2005) (internal quotation marks omitted); *see also Dembeck v. 220 Central Park South, LLC*, 33 A.D.3d 491, 492, 823 N.Y.S.2d 45, 47 (1st Dep't 2006) ("When one party is under a duty to act for, or give advice for the benefit of, another on matters within the scope of their relationship, a fiduciary relationship is created."). This relationship is "necessarily fact-specific" and "is grounded on a higher level of trust than normally present in the market place between those involved in arm's length business transactions." *EBC I*, 5 N.Y.3d at 19, 799 N.Y.S.2d at 175 (holding that fiduciary relationship existed between underwriter and client company because underwriter provided company with expert advice regarding valuation of initial stock offering).

In keeping with this rule, New York courts have upheld fiduciary liability claims in cases where consultants hired "to give advice and act for [a client's] benefit" have betrayed the client's interests. *Mandelblatt v. Devon Stores, Inc.*, 132 A.D.2d 162, 168, 521 N.Y.S.2d 672, 676 (1st Dep't 1987) (consultant breached fiduciary duty by disparaging client company to client's prospective buyers). They have also sustained claims asserting fiduciary liability where parties have allegedly exploited confidential or proprietary information entrusted to them by business associates. *See Zimmer-Masiello, Inc. v. Zimmer, Inc.*, 159 A.D.2d 363, 365, 552 N.Y.S.2d 935, 937 (1st Dep't 1990) (manufacturer breached fiduciary duty to distributor by using distributor's confidential and proprietary information to compete with distributor); *ADT Operations, Inc. v. Chase Manhattan Bank, N.A.*, 173 Misc.2d 959, 969, 662 N.Y.S.2d 190, 196 (Sup. Ct. N.Y. Co.

5

1997) (bank breached fiduciary duty to client by communicating client's confidential financial information to client's hostile suitor).

Here, the complaint alleges that E&A hired Zappier as a consultant to advise the firm on how best to create a computer program that would advance the firm's business. *See* Complaint ¶¶ 1, 10, 38. To that end, E&A disclosed substantial proprietary and confidential information to Zappier, concerning the work flows, business operations, and documentation used by the firm in conducting its specialized law practice. *See id.* ¶¶ 2, 13, 39. The pleadings clearly state that, over his several years of employment, E&A invested enormous trust in Zappier and, based upon that trust, provided him with access to the firm's most confidential information. *See id.* ¶¶ 12-15, 38-40. These allegations describe a classic fiduciary relationship, *see EBC I*, 5 N.Y.3d at 19, 799 N.Y.S.2d at 175, and by allegedly misappropriating E&A's confidential and proprietary information for his own benefit, *see, e.g.*, Complaint ¶ 41, Zappier indisputably breached his fiduciary duty to the firm, *see Zimmer-Masiello, Inc.*, 159 A.D.2d at 365, 552 N.Y.S.2d at 937; *Mandelblatt*, 132 A.D.2d at 168, 521 N.Y.S.2d at 676; *ADT Operations, Inc.* 173 Misc.2d at 969, 662 N.Y.S.2d at 196.

Zappier tries to downplay his alleged misconduct by saying that "E&A was certainly not vulnerable" in its relationship with him, *see* Zappier Br. at 6, and that his employment "was a standard business relationship" and "a one-time commercial transaction," *id.* at 7. But this characterization of the parties' interactions is ridiculous. As described in the complaint, E&A became vulnerable to commercial espionage as soon as it shared its confidential and proprietary information with Zappier. And the parties' so-called "one-time commercial transaction" lasted over three and one half years and involved a level of trust that far surpassed any "standard

6

business relationship."[1]

In short, E&A's complaint states a powerful claim for breach of fiduciary duty.

### B. E&A's Claims for Fiduciary and Contractual Breaches are Distinct

Next, Zappier contends that – in any event – E&A's fiduciary-duty claim should be dismissed because it is duplicative of the complaint's claim for breach of contract. *See* Zappier Br. at 7. The crux of Zappier's argument is that "where a breach of fiduciary duty is alleged upon facts governed by an express contract, the issues are properly considered only under a theory of contract." *Id.* at 7-8. Zappier misstates the law.

"[I]t is fundamental that fiduciary liability is not dependant upon an agreement or contractual relation between fiduciary and the beneficiary but results from the relation." *EBC I*, 5 N.Y.3d at 20, 799 N.Y.S.2d at 175 (internal quotation marks omitted). As a result, "conduct amounting to breach of a contractual obligation *may also constitute the breach of a duty arising out of the relationship created by contract* which is nonetheless independent of such contract." *Bullmore v. Ernst & Young Cayman Islands*, 45 A.D.3d 461, 463, 846 N.Y.S.2d 145, 148 (1st Dep't 2007) (emphasis added); *see also Sally Lou Fashions Corp. v. Camhe-Marcille*, 300 A.D.2d 224, 225, 755 N.Y.S.2d 67, 69 (1st Dep't 2002); *Mandelblatt*, 132 A.D.2d at 167-68, 521 N.Y.S.2d at 676. Put simply, "[p]leading a breach of fiduciary duty is appropriate where a plaintiff, even if claiming a breach of contract, desires a remedy in tort for betrayal and breach of trust." *Broadway Nat'l Bank v. Barton-Russell Corp.*, 154 Misc.2d 181, 198, 585 N.Y.S.2d 933,

---

[1]   Citing *Osan Ltd. v. Accenture LLP*, 454 F. Supp.2d 46, 57 (E.D.N.Y. 2006), Zappier contends that the "purported relation of confidence and trust among the parties" described in the complaint "does not change the legal analysis." Zappier Br. at 7. Zappier misreads *Osan*. *Osan* merely stands for the unexceptional (and inapplicable) proposition that parties who deal at arm's length do not share a fiduciary relationship. *See* 454 F. Supp.2d at 57. On the other hand, parties that share "a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions" do share a fiduciary relationship. *EBC I*, 5 N.Y.3d at 19, 799 N.Y.S.2d at 175.

7

945 (Sup. Ct. N.Y. Co. 1992) ("Where a fiduciary duty may be found, this claim is generally not fatally duplicative of a breach of contract claim.").

Separate and apart from Zappier's contractual liability, E&A has adequately pled the basis for Zappier's fiduciary liability. The complaint describes a close relationship of trust and confidence between the firm and Zappier, which developed during his more than three-year consultancy. *See* Complaint ¶¶ 15, 38-40. As alleged, the trust invested in Zappier by E&A far exceeded anything that generally arises from a contractual promise not to disclose proprietary information.

E&A attorneys and staff formed close working relationships with Zappier. *See id.* ¶¶ 12, 38. Zappier became

> a familiar presence in the office and was included in firm meetings and planning sessions. Based on the level of trust that he enjoyed, E&A administrative/ paralegal staff began responding to his direct requests for information without direction from E&A attorneys. Indeed, Zappier on several occasions asked and received from E&A staff copies of proprietary documents that were not directly related to his design work.

*Id.* ¶ 15. Moreover, "Zappier was aware that he enjoyed a position of trust within E&A, and he availed himself of that trust by requesting access to confidential and proprietary information." *Id.* ¶ 40.

Contrary to Zappier's cursory protest, these allegations do not merely comprise "a thinly-concealed restatement of Plaintiff's claim for breach of contract." Zappier Br. at 8. Instead, they illustrate how the parties "create[d] their own relationship of higher trust" beyond the terms of the contract. *EBC I*, 5 N.Y.3d at 20, 799 N.Y.S.2d at 175 (internal quotation marks omitted). They therefore lay the factual foundation for "a remedy in tort for betrayal and breach of trust." *Broadway Nat'l Bank*, 154 Misc.2d at 198, 585 N.Y.S.2d at 945.

E&A's claim for breach of contract in no way shields Zappier from fiduciary liability.

## CONCLUSION

Zappier's motion to dismiss E&A's claim for breach of fiduciary duty should be denied.

Date: February 26, 2008
New York, New York

Respectfully submitted,

By: *[signature]*
DANIEL S. ALTER, ESQ.
ALTER & ALTER, LLP
300 East 42nd Street, 10th Floor
New York, NY 10017
(212) 867-7777
*Attorneys for Plaintiff*