UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ESBIN & ALTER, LLP,

                *Plaintiff,*

        -- against –

PAUL ZAPPIER and ADVANCED TRADE
SETTLEMENT, LLC,

                *Defendants.*
-----------------------------------------------------------------------x

Dkt. No. 08 Civ. 313 (SCR)

## CONFIDENTIALITY STIPULATION & ORDER

Pursuant to the Rule 26 of the Federal Rules of Civil Procedure, the Court enters this Confidentiality Order upon the stipulation of the parties, for the purpose of assuring the confidentiality of certain information that may be disclosed by the parties in the course of discovery proceedings.

1.     As used in this Confidentiality Order the terms "Confidential Information" includes any information that is disclosed by a party to the opposing party or its counsel in the course of discovery proceedings in this action and which, at or before the time of disclosure, has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by the party disclosing it in one or more of the following ways:

      (a)     Information set forth in an answer to an interrogatory may be so designated by including the words "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the answer.

      (b)     Information contained in any document or part thereof may be so designated by marking the work "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

on the document or any copy of it delivered to the opposing party or its counsel or by giving written notice to counsel for the opposing party, describing the document or part thereof either specifically or by category.

    (c)    Information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition and/or following review of the transcript thereof pursuant to Rule 30 of the Federal Rules of Civil Procedure.

    2.    Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and disclosed to opposing parties or their counsel during the course of discovery proceedings in this action:

    (a)    Shall be used by the opposing party and/or counsel only for purposes of this action.

    (b)    Shall not be published to the public in any form by the opposing party or counsel, nor used by the opposing party or counsel for any business or commercial purposes.

    (c)    If designated as "Confidential," shall be disclosed by the opposing party or its counsel only to the following persons:

    (i)    The opposing party and/or attorneys of record for the opposing party, including any attorneys employed by a law firm of record that represents the opposing party.

    (ii)    Secretarial, clerical and paralegal or student personnel employed full-time or part-time by attorneys or a law firm that represents the opposing party.

(iii) Independent (non-employee) expert witnesses or advisors retained by the opposing party in connection with this action.

(iv) Officers and managerial or supervisory personnel of the opposing party.

(v) Court reporters or stenographers engaged to record deposition testimony, and their employees.

(vi) Such other persons as hereafter may be authorized by the Court upon motion of either party.

(d) If designated as "Highly Confidential – Attorneys' Eyes Only," shall be disclosed by the opposing party or its counsel only to the following persons:

(i) Attorneys of record for the opposing party, including any attorneys employed by a law firm of record that represents the opposing party.

(ii) Secretarial, clerical and paralegal or student personnel employed full-time or part-time by attorneys or a law firm that represents the opposing party.

(iii) Independent (non-employee) expert witnesses or advisors retained by the opposing party in connection with this action.

(iv) Court reporters or stenographers engaged to record deposition testimony, and their employees.

(v) Such other persons as hereafter may be authorized by the Court upon motion of either party.

3. The production of any Confidential Information during discovery in this action without a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation

shall be without prejudice to any claim that such document or information is confidential or is privileged in any respect or protected from discovery, and no producing party shall be held to have waived any rights by such inadvertent production. If, after producing a document or information, the producing party determines that the document or information should have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the producing party shall promptly provide written notice to the receiving party and shall provide the receiving party with a replacement copy of the document or information bearing the appropriate designation within three business days of such written notice. The receiving party shall promptly return the undesignated document or information and any copies thereof to the producing party after receiving the written notice.

4. A copy of this Confidentiality Order shall be delivered to each of the named parties and to each person within categories (iii), (iv) and (vi) of paragraph 2(c) and categories (iii) and (v) of paragraph 2(d) above to whom a disclosure is made of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Confidentiality Order shall be binding upon each such person to whom disclosure is made, and such parties shall execute the page attached hereto as Exhibit A verifying their understanding of and intent to comply with this Order.

5. In the event additional parties join or are joined in this action, they shall not have access to Confidential information until the newly-joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Stipulation or an alternative protective order which is satisfactory to all parties and the Court.

6. The provisions of this Order shall not be construed as preventing:

(a) Any disclosure of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by the party that designated the information as such.

(b) Any disclosure of such information to any judge, magistrate, or employee of this Court for purposes of this action.

7. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any such information, shall be filed under seal and kept under seal until further order of the Court.

8. This Stipulation and Order shall not: (a) operate as an admission by any party that any particular discovery material contains or reflects trade secrets, proprietary or commercial information or other confidential matter; (b) prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery; or (c) prejudice in any way the right of a party to seek a Court determination (i) whether particular discovery material should be produced or (ii) if produced, whether such material should be subject to the terms of this Stipulation and Order; or (d) prejudice in any way the right of a party to apply to the Court for a further protective order relating to any information covered by this Stipulation and Order.

9. Upon the conclusion of this litigation, all information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" supplied by any producing party and all copies thereof, shall be returned to the producing party.

10. Nothing in this Order shall preclude a party from offering information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" into evidence at the trial of this action, subject to any appropriate objection asserted by an opposing party.

ESBIN & ALTER LLP
*Plaintiff*

PAUL ZAPPIER and ADVANCED TRADE SETTLEMENT LLC
*Defendants*

By: _____
DANIEL S. ALTER, ESQ.
Alter & Alter LLP
300 East 42nd Street, 10th Floor
New York, NY 10017
(212) 867-7777
*Counsel for Plaintiff*

By: _____
PATRICK J. BOYD, ESQ.
The Boyd Law Group PLLC
230 Park Avenue, Suite 1000
New York, NY 10169
(212) 808-3054
*Counsel for Defendants*

Date: March 10, 2008

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE