UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
ESBIN & ALTER, LLP,                                      :
                                                         :
               Plaintiff,                       :
                                                         :    Civ. Action No.
           v.                                :    08-CV-0313 (SCR)(MDF)
                                                         :
PAUL ZAPPIER and ADVANCED TRADE                          :
SETTLEMENT, LLC,                                         :
                                                         :
               Defendants.                      :
                                                         :
-------------------------------------------------------- X


## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## DEFENDANT PAUL ZAPPIER'S MOTION TO DISMISS


Dated:  New York, New York
            March 13, 2008

THE BOYD LAW GROUP, PLLC
Patrick J. Boyd
Attorneys for Defendants
230 Park Avenue, Suite 1000
New York, New York 10169
Telephone: (212) 808-3054
Facsimile:  (212) 808-3020

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.  Plaintiff Failed to Establish a Fiduciary Relationship Between the Parties ............ 2

        A)  The Case Law Cited by Plaintiff Only Highlights the Factual
            Insufficiency in This Case ................................................................................... 4

    II.  Absent a Showing of a Fiduciary Relationship, Plaintiff's Breach of
        Fiduciary Duty Claim is Merely a Restatement of its Contract Claim ................... 6

CONCLUSION ............................................................................................................................ 7

## TABLE OF AUTHORITIES

### Cases

ADT Operations, Inc. v. Chase Manhattan Bank, N.A., 662 N.Y.S.2d 190
(Sup.Ct., N.Y. County 1997) .................................................................................. 3, 6

Atkins Nutritionals, Inc. v. Ernst & Young, LLP, 301 A.D.2d 547 (2nd
Dep't 2003) ................................................................................................................ 7

Atlantis Info. Tech. v. CA Inc., 485 F.Supp.2d 224 (E.D.N.Y. 2007) ................................ 2

Bristol-Meyers Squibb v. Delta Star, Inc., 206 A.D.2d 177 (4th Dep't 1994) ..................... 6

Cal Distrib. Inc. v. Cadbury Schweppes Ams. Beverages Inc., No. 06
Civ. 0496, 2007 U.S. Dist. LEXIS 854 (S.D.N.Y.) .................................................. 4, 7

Clark-Fitzpatrick, Inc. v Long Is. R.R.Co., 70 N.Y.2d 382 (1987) ..................................... 7

Hyman v New York Stock Exch., Inc., 2007 NY Slip Op 09909 (1st Dep't) ..................... 3

Langford v. Roman Catholic Diocese of Brooklyn, 677 N.Y.S.2d 436
(Sup.Ct., N.Y. County 1998) ..................................................................................... 2

Mandelblatt v. Devon Stores, Inc., 132 A.D.2d 162 (1st Dep't 1987) ............................ 4, 5

Morgan, Lewis & Bockius, LLP v. Ibuydigital.com, Inc., 836 N.Y.S.2d 486
(Sup.Ct., N.Y. County 2007) ..................................................................................... 7

Oppman v. IRMC Holdings, Inc., 2007 NY Slip Op 50093U (Sup.Ct., N.Y.
County) ...................................................................................................................... 7

Osan Ltd. v. Accenture LLP, 454 F.Supp.2d 46 (E.D.N.Y. 2006) ..................................... 2

United States v. Chestman, 947 F.2d 551 (2d Cir. 1991) ............................................... 2, 3

Walton v. Morgan Stanley & Co., 623 F.2d 796 (2d Cir. 1980) ........................................ 3

William Kaufman Org. v. Graham & James LLP, 269 A.D.2d 171 (1st


Dep't 2000) .................................................................................................................. 7

Zimmer-Masiello, Inc. v. Zimmer, Inc., 552 N.Y.S.2d 935 (1st Dep't 1990) ...................... 5

## **Rules and Statutes**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................ 1

New York Civil Practice Law & Rules 3016(b) .................................................................. 3

**PRELIMINARY STATEMENT**

    Defendant Paul Zappier (hereinafter "Zappier," "Mr. Zappier" or "Defendant Zappier"), by his attorneys, The Boyd Law Group, PLLC, respectfully submits this reply Memorandum of Law in further support of Zappier's motion to dismiss Claim 3 of Plaintiff's Complaint for breach of fiduciary duty. For the reasons set forth herein and in the previously submitted Memorandum of Law in support of Defendant Zappier's Motion to Dismiss and Affidavit of Patrick J. Boyd (and attachments thereto), Defendant Zappier's Motion to Dismiss Plaintiff's claim for breach of fiduciary duty pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted.

    Plaintiff Esbin & Alter, LLP (hereinafter "E&A") clearly fails to establish, in the Complaint and in the Motion in Opposition, that a fiduciary relationship existed between E&A and Zappier. Defendant Zappier was only hired as a software consultant to create office management software. He performed this work based on E&A's communicated needs, and he had no authority to make any decisions for or on behalf of E&A. There was neither a prior relationship between the parties, nor were there any special circumstances that distinguished this business relationship from any other basic vendor relationship. In this sense, the relationship between E&A and Zappier was clearly no more than a typical arms length engagement for services between an IT consultant and a business client.

    On these thin facts, Plaintiff nevertheless argues a fiduciary relationship was created between the parties because E&A disclosed confidential information to Zappier. This assertion is based upon a faulty reading of the law. In fact, even assuming the information provided to Mr. Zappier was of a confidential or proprietary nature, such disclosure without more cannot establish a basis for a fiduciary relationship. Plaintiff's pleading fails to show

1

anything more.  As Defendant Zappier's use of this information is governed by a contract, the only duties at issue in this case are contract-based duties.  As a result, Plaintiff's claim for breach of fiduciary duty has no merit.

      Defendant Zappier therefore respectfully requests that this particular cause of action be dismissed as a matter of law.

## ARGUMENT

**I.**     **Plaintiff Failed to Establish a Fiduciary Relationship Between the Parties**

      A fiduciary relationship is a special relationship subject to greatly heightened standards of conduct.  In New York, Courts apply a four-part test to determine whether such a relationship existed.  This test evaluates:  (i) the vulnerability of one party to the other, which; (ii) results in an empowerment of the stronger party by the weaker party which; (iii) empowerment was solicited or accepted by the stronger party and; (iv) prevents the weaker party from effectively protecting itself.  Osan Ltd. v. Accenture LLP, 454 F.Supp.2d 46, 56 (E.D.N.Y. 2006); Atlantis Info. Tech. v. CA Inc., 485 F.Supp.2d 224, 231 (E.D.N.Y. 2007).

      As the above test emphasizes, the most critical characteristic of a fiduciary relationship is the existence of discretionary authority in the fiduciary and the dependency the other party has on such fiduciary.  United States v. Chestman, 947 F.2d 551, 568 (2d Cir. 1991); see also Langford v. Roman Catholic Diocese of Brooklyn, 677 N.Y.S.2d 436, 438 (Sup.Ct., N.Y. County 1998)(identifying the basis of the law governing fiduciary duty as the inherent imbalance between the parties).  In reaching this conclusion, the Chestman court looked to common examples of fiduciary relationships including the relationship between attorney and client, executor and heir, guardian and

ward, principal and agent, trustee and trust beneficiary, and senior corporate official and shareholder.  Chestman, at 568.  Consistent with the court's approach, a party asserting a claim of fiduciary duty must set forth factual circumstances in the parties' history that would support a comparable finding of discretionary authority and dependency in order to survive dismissal.  Id.

Here, Plaintiff fails to show either that Defendant had discretionary authority or that there was significant dependency between E&A and Zappier.  As plainly established in the written agreement between the parties, Defendant Zappier served only one purpose in the relationship – that of a computer consultant.  His job, in full, entailed nothing more than gathering information and using this information to create a customized computer program.  Defendant did not have discretion in anything more than following the orders of E&A, and Plaintiff depended on him only to perform this limited task.  Zappier was not a fiduciary as a result.

Plaintiff attempts to mask the above-referenced deficiency in its pleadings by emphasizing the fact that E&A entrusted Defendant Zappier with allegedly confidential information.  New York law, however, requires Plaintiff to show more.[1]  "A fiduciary duty cannot be imposed unilaterally by entrusting a person with confidential information."  Chestman, at 567, quoting Walton v. Morgan Stanley & Co., 623 F.2d 796, 799 (2d Cir. 1980).  "Reposing confidential information in another, then, does not by itself create a fiduciary relationship."  Id. at 568; ADT Operations, Inc. v. Chase Manhattan Bank, N.A., 662 N.Y.S.2d 190, 195 (Sup.Ct., N.Y. County 1997).

---

[1]  We note that Plaintiff's pleading may have failed to overcome the standard of specificity required for claims of breach of trust under New York C.P.L.R. § 3016(b).  See Hyman v New York Stock Exch., Inc., 2007 NY Slip Op 09909, at *2 (1st Dep't)(finding trial court should have dismissed claim of breach of fiduciary duty on the basis of plaintiff's failure to plead the claim with specificity where the pleading only contained bare allegations).

Furthermore, where parties engage in an arms-length commercial transaction, as in this case, "no relation of confidence or trust is sufficient to find the existence of a fiduciary relationship will arise absent extraordinary circumstances." Cal Distrib. Inc. v. Cadbury Schweppes Ams. Beverages Inc., No. 06 Civ. 0496, 2007 U.S.Dist. LEXIS 854, at *30 (S.D.N.Y.)(internal quotation marks omitted).

As stated above, E&A has failed to set forth any fact that would go towards establishing a fiduciary relationship. All it has repeatedly argued is that E&A entrusted Mr. Zappier with confidential information. This fact alone, even if true, would be insufficient to give rise to fiduciary duties. Cal Distrib. Inc., at *30. Plaintiff E&A's claim must be dismissed as a result.

    **A)**     **The Case Law Cited by Plaintiff Only Highlights the Factual Insufficiency in This Case**

In efforts to overcome the legal roadblock to success provided above, Plaintiff applies a tortured analysis to several decisions. The cases Plaintiff cites to, however, only highlight the vast gap between circumstances that establish a fiduciary relationship and the circumstances here. For instance, Plaintiff cites to a case involving a consultant where a fiduciary duty claim was upheld. Mandelblatt v. Devon Stores, Inc., 132 A.D.2d 162 (1st Dep't 1987). The circumstances in that case, however, could not be more different from the circumstances here. Mr. Mandelblatt, the party characterized as a "consultant" by E&A in its submission, was the President and Chief Executive Officer of the defendant corporation until the corporation was acquired by a third party. Id. at 164. When Mr. Mandelblatt was asked to step down from his office, he was retained under a consultant agreement for one year immediately following his departure. Id. The

4

defendant corporation was to pay Mr. Mandelblatt a yearly salary of $250,000, and additional payment as much as $700,000. Id. It was in this context that the court found basis for a fiduciary relationship. Id.

Clearly, Defendant Zappier was not this kind of "consultant." His task was supervised, discrete and had did not put him in a position to control the fate of E&A. Zappier's authority and power were not even remotely comparable to that of a former CEO of a company, and a comparison between his obligations to E&A and those a CEO owes to a company is absurd. The case itself is almost inappropriate to consider in the context of the issues here.

Next, Plaintiff cites to a case based on a relationship between a principal and its agent, where the plaintiff distributor was defendant manufacturer's exclusive distributor for eleven years. Zimmer-Masiello, Inc. v. Zimmer, Inc., 552 N.Y.S.2d 935, 936 (1st Dep't 1990). The court emphasized the manufacturer's position of dominance in finding that it owed fiduciary duties to the plaintiff. Id. at 937. In particular, the defendant in this case had the power to force the plaintiff – an agent completely dependent upon defendant for its business – to turn over every detail of its business information as a condition of continued dealing. Id.

Again, the facts compare favorably for Defendant Zappier in this case. Zappier had no such dominance in his dealings with E&A. In fact, he had no authority to compel E&A to provide him with information. Plaintiff simply gave him what it wanted him to have. This is in stark contrast to the fact pattern in Zimmer, and reveals the negligible merit of Plaintiff's citation to the decision.

One particular case cited by E&A, possibly in error, is even more helpful to Zappier's cause.  In that case, a plaintiff company retained a bank to secure debt financing, but also with the enduring purpose of having the bank provide long-term counsel and advice against takeover attempts in general.  ADT Operations, Inc., at 191.  Relying on the bank as its financial advisor, the company provided the bank with highly confidential information including internal projections over several years and detailed profit and loss statements for every subsidiary.  Id.  With this kind of information in its possession, the bank then started working for an entity that was attempting a hostile takeover of the plaintiff company.  Id.  The court found that even these circumstances were not sufficient to support the imposition of a fiduciary obligation on the bank.[2]  Id. at 195.

Even relying exclusively on case law cited by Plaintiff, it is plain to see that the precedent weighs heavily in Defendant Zappier's favor.  Zappier simply owed no fiduciary duty to E&A, even under the most lenient interpretation of Plaintiff's pleading of the facts.  As Plaintiff failed to plead the basis for fiduciary duties, such claim should be dismissed.

**II.     Absent a Showing of a Fiduciary Relationship, Plaintiff's Breach of Fiduciary Duty Claim is Merely a Restatement of its Contract Claim**

It is a well-established principle of tort law that where a contract governs the scope of the relationship between two parties, the party alleging a tort claim must show that the other party breached some other duty independent of the alleged breach of

---

[2] Plaintiff appears to have misread the holding of this case. Plaintiff summarizes the case as "bank breached fiduciary duty to client by communicating client's confidential information to client's hostile suitor" in its parenthetical. Pl.'s Mem. at ¶ 6. However, the court's holding was to grant the dismissal of the client's claims for breach of fiduciary duty.  ADT Operations, Inc., at 197.

6

contract in order to sustain its tort claim. Bristol-Meyers Squibb v. Delta Star, Inc., 206 A.D.2d 177, 179 (4th Dep't 1994). One does not automatically commit tort by breaching contractual obligations. Clark-Fitzpatrick, Inc. v Long Is. R.R.Co., 70 N.Y.2d 382, 389 (1997)(stating that "it is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated."). The party alleging the tort must therefore first establish in its pleading that the other party was bound to special duties separate from its contractual obligations. See Atkins Nutritionals, Inc. v. Ernst & Young, LLP, 301 A.D.2d 547, 548 (2nd Dep't 2003)(upholding trial court's dismissal of breach of fiduciary duty claim where no special relationship existed between the parties).

As fully argued above, Plaintiff failed to show that a special obligation existed in this relationship. Plaintiff has pled that the exact same conduct as the basis for both its breach of contract and breach of fiduciary duty claims. This is a fatal flaw in E&A's pleading. William Kaufman Org. v. Graham & James LLP, 269 A.D.2d 171, 173 (1st Dep't 2000). Plaintiff's claim for breach of fiduciary duty is, quite simply, nothing more than a restatement of its contract claim which cannot be sustained. Cal Distrib. Inc., at 29; Morgan, Lewis & Bockius, LLP v. Ibuydigital.com, Inc., 2007 NY Slip Op 50149U, at *7 (Sup.Ct., N.Y. County); Oppman v. IRMC Holdings, Inc., 2007 NY Slip Op 50093U, at *8 (Sup.Ct., N.Y. County). The Court has no option but to dismiss Plaintiff's claim of fiduciary breach as a result.

## CONCLUSION

For all the foregoing reasons, and based upon all the documents incorporated by reference herein, Defendant Zappier respectfully requests that the Court dismiss Plaintiff

Esbin & Alter LLP's claim of breach of confidence and fiduciary duty, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 13, 2008

                          THE BOYD LAW GROUP, PLLC

                          By: /s/ Patrick J. Boyd_____
                              Patrick J. Boyd
                              Attorney for Defendants
                              230 Park Avenue, Suite 1000
                              New York, New York 10169
                              (212) 808-3054

cc:    Daniel Alter, Esq.
       Files