**ALTER & ALTER**

COUNSELORS AT LAW

300 EAST 42 STREET

TENTH FLOOR

NEW YORK, NEW YORK 10017

212-867-7777

STANLEY ALTER
STEPHANIE S. ALTER
IVAN S. ALTER

June 18, 2008

*By Overnight Courier*

Hon. Mark D. Fox
United States Magistrate Judge
United States Courthouse, Room 434
300 Quarropas Street
White Plains, NY 10601

  Re: *Esbin & Alter LLP v. Zappier, et al.*, 08 Civ. 313 (SCR) (MDF)

Dear Judge Fox:

  Pursuant to the Court's standing Order for the resolution of discovery disputes, dated January 7, 2007, plaintiff Esbin & Alter LLP ("E&A") respectfully requests that Your Honor direct defendants Paul Zappier and Advanced Trade Settlement, LLC (collectively "defendants") to produce all documents responsive to Requests 3 and 4 of Plaintiff's Second Document Request ("Request 3" and "Request 4," respectively). In the alternative, E&A seeks an Order precluding defendants from asserting any defense or justification in this action based upon any aspect of the computer program sought in Requests 3 and 4. Counsel for the parties have conferred both in writing and by telephone, and have been unable to resolve this dispute.

  Request 3 seeks:

  A copy of the MATTERS program, as that term is described in paragraph 5 of the declaration of Paul Zappier, dated February 4, 2008, submitted in this action.

  Request 4 seeks:

  Copies of object and source code for the MATTERS program, as that term is

described in paragraph 5 of the declaration of Paul Zappier, dated February 4, 2008, submitted in this action

Defendants have refused to produce the materials sought by Requests 3 and 4, claiming that they would have to extract the information from other programs that they have developed. Defendants' objection is untenable.

In paragraphs 4 and 5 of his affidavit, dated February 4, 2008 (annexed as Exhibit A), defendant Zappier states that he customized the MATTERS program for E&A and at least three other law firms. E&A's complaint alleges that defendants have misappropriated portions of its copyrighted computer program and have incorporated that misappropriated material into a computer program that they are now marketing to the public. E&A must therefore demonstrate, *inter alia*, that the literal or non-literal components of defendants' program are substantially similar to its own program, and that demonstration requires a close analysis of the programs' code and whence it derives. *See generally Computer Associates International, Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir. 1992).

The only way to determine whether any copied material contained in defendants' program came from the original MATTERS program, which defendant Zappier admittedly customized for E&A and others, is to examine the original MATTERS program. Defendants' production of that program is therefore pertinent to the liability analysis in this case and thus required, and defendants' failure to produce the materials sought by Requests 3 and 4 should result in a preclusion order.

Respectfully submitted,

*[signature]*

Daniel S. Alter, Esq.
*Counsel for Plaintiff*

2

Cc: Patrick Boyd, Esq.
*By E-Filing and Regular Mail*

# EXHIBIT A

JUN.18.2008 7:14AM NO.198 P.5/7
Case 7:08-cv-00313-SCR-MDF Document 25 Filed 06/18/2008 Page 5 of 7
Case 7:08-cv-00313-SCR-MDF Document 14 Filed 02/21/2008 Page 4 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ESBIN & ALTER, LLP,

      Plaintiff,        Civ. Action No.
                08 Civ. 0313

  -against-

                **AFFIDAVIT** of
PAUL ZAPPIER and ADVANCED TRADE   Paul Zappier
SETTLEMENT, LLC,

      Defendants.
------------------------------------------------------------- X

STATE OF NEW YORK)
COUNTY OF NEW YORK) ss:

PAUL ZAPPIER, being duly sworn, deposes and says:

1. I am a named defendant in this action and the founder of Advanced Trade Settlement, LLC (hereinafter "ATS").

2. I make this Affidavit in opposition to Plaintiff's Request for an Order to Show Cause made pursuant to Rule 26(d) of the Federal Rules of Civil Procedure.

3. I founded Advance Trade Settlement, LLC on July 20th, 2007.

4. Prior to my involvement with ATS, I worked as a computer consultant specializing in customizing business management software for existing business operations, including law firms such as Plaintiff Esbin & Alter, LLP, Sabharwal, Globus and Lee LLP, Mandel,Katz,Manna and Brosnan LLP and Kieselstein & Lee LLP. Around January 2004, while working for RAD Technologies, I was retained as a consultant to customize the Matters program, a client-management software developed by RAD Technologies, Inc., to better suit the needs of Plaintiff Esbin & Alter,

JUN.18.2008 7:14AM NO.198 P.6/7
Case 7:08-cv-00313-SCR-MDF Document 25 Filed 06/18/2008 Page 6 of 7
Case 7:08-cv-00313-SCR-MDF Document 14 Filed 02/21/2008 Page 6 of 6

5. The Matters program is an independent program that has been utilized by numerous other businesses including at least three other law firms.

6. As a computer consultant, I have customized the Matters program for at least four of my clients. The clients include the law firms mentioned above in Paragraph No. 5.

7. The product that I create for each client is specifically tailored to the way each client organizes its business files and operates its business.

8. As such, Esbin & Alter does not own any of the rights to the Matters program itself. In fact, the way in which the program has been customized for use by Esbin & Alter would not be of utility to any other entity.

9. This understanding is reflected in the express language of the consultant agreement between myself and Esbin & Alter, attached hereto as Exhibit A.

10. I single-handedly and independently developed the ATS software at issue based on my knowledge of computer software programming and a general understanding of the debt-settlement industry's needs.

11. I did not develop the ATS software while working at Esbin & Alter.

12. I did not use Esbin & Alter's version of the Matters program or any of their resources in developing the ATS software, including any confidential information.

13. I created the source code for the ATS software entirely from scratch.

14. I did not borrow from either the Matters program or the Works program in designing and developing the ATS software.

15. I have been attempting to market the ATS software since, August 20th, 2007, but have not yet generated any business based on the software.

16. To my knowledge, however, Plaintiff Esbin & Alter has been talking to the

JUN.18.2008 7:14AM NO.198 P.7/7
Case 7:08-cv-00313-SCR-MDF Document 25 Filed 06/18/2008 Page 7 of 7
Case 7:08-cv-00313-SCR-MDF Document 14 Filed 02/21/2008 Page 6 of 6

prospective clients for ATS, stating among other things that they own the rights to ATS software.

17. For instance, JP Morgan, a prospective client, communicated that they would not further pursue business with ATS regarding its software. Upon information and belief, they made this decision because of what they were told by Esbin & Alter.

18. Esbin & Alter's conduct has caused damage to ATS' business prospects and reputation, creating a cause of action that I wish to pursue in this case.

Dated: February 4, 2008
New York, New York

By: _____
Paul Zappier

Sworn to before me this
_____ day of February, 2008

_____
Notary Public

CANDACE A. BEHENSKY
Notary Public, State of New York
No. 01BE6025493
Qualified in Orange County
Commission Expires _____, 2011