

**THE BOYD LAW GROUP, PLLC**

PATRICK JAMES BOYD, ESQ.
*PARTNER*

NEW YORK OFFICE:
230 PARK AVENUE
SUITE 1000
NEW YORK, NY 10169
TEL: (212) 808-3054
FAX: (212) 808-3020

WHITE PLAINS OFFICE:
50 MAIN STREET
SUITE 1000
WHITE PLAINS, NY 10606
(BY APPOINTMENT ONLY)

EMAIL: pboyd@theboydlawgroup.com

June 26, 2008

**VIA FEDERAL EXPRESS**
The Honorable Mark D. Fox
United States Magistrate Judge
United States Courthouse
300 Quarropas Street, Room 434
White Plains, New York 10601

Re: **Esbin & Alter LLC v. Paul Zappier and Advanced Trade Settlement, LLC**
    08 Civ. 0313 (SCR)(MDF)

Dear Judge Fox:

Defendants Paul Zappier and Advanced Trade Settlement, LLC submit this letter brief in response to Plaintiff's June 18, 2008 letter, in accordance with the Court's Order dated May 15, 2008 and the conference held on June 19, 2008.

Plaintiff's counsel argues that Plaintiff should be entitled to the program, object and source code of the Matters program, as described in the previously submitted Declaration of Paul Zappier. Defendants object to both of these requests, which essentially constitute a single request for the Matters program in an uncustomized state.

First, the request is unduly burdensome because the Matters program does not exist in a functioning format without customization. Plaintiff misconstrues the concept expressed by Defendant Zappier in Paragraph 5 of his Declaration, which states: "The Matters program is an independent program that has been utilized by numerous other businesses." The statement was intended to emphasize the fact that the concept and technology encompassed by the Matters program belongs to Defendant Zappier and not any of the clients he customizes the program for. Because the technical

requirements of the Matters program require integration with each client's server and database system to run, Defendant Zappier does not actually possess a version of the program that has been written to run without such integration. Making such a version would have had no utility.

Furthermore, the request is not only irrelevant to the issues at hand, but also particularly objectionable in the context of an expedited discovery process. Plaintiff's motion for expedited discovery was made and granted by the court in anticipation of a motion for preliminary injunction regarding the ATS software. Requests for documents in expedited discovery are not appropriate when they are not tailored to the timeframe and the specific issues relevant to a preliminary injunction. Federal Exp. Corp. v. Federal Espresso, Inc., 1997 WL 736530 at *2 (N.D.N.Y., 1997). This action is about whether or not Plaintiff's proprietary information was misappropriated and used in the ATS Software. Plaintiff possesses its version of the MATTERS program already, and Defendants have produced the ATS Software. Because Plaintiff has all that it needs for its preliminary inquiry, and because Defendants have nothing else to produce in response to the request without creating new information, Plaintiff's motion should be denied.

                Sincerely,

                THE BOYD LAW GROUP, PLLC

                Patrick J. Boyd
                *Counsel for Defendants*

cc: Daniel Alter, Esq.