

**THE BOYD LAW GROUP, PLLC**

PATRICK JAMES BOYD, ESQ.
*PARTNER*

NEW YORK OFFICE:
230 PARK AVENUE
SUITE 1000
NEW YORK, NY 10169
TEL: (212) 808-3054
FAX: (212) 808-3020

WHITE PLAINS OFFICE:
50 MAIN STREET
SUITE 1000
WHITE PLAINS, NY 10606
(BY APPOINTMENT ONLY)

EMAIL: pboyd@theboydlawgroup.com

June 26, 2008

**VIA FEDERAL EXPRESS**
The Honorable Mark D. Fox
United States Magistrate Judge
United States Courthouse
300 Quarropas Street, Room 434
White Plains, New York 10601

    Re: <u>**Esbin & Alter LLC v. Paul Zappier and Advanced Trade Settlement, LLC**</u>
        08 Civ. 0313 (SCR)(MDF)

Dear Judge Fox:

    Defendants Paul Zappier and Advanced Trade Settlement, LLC submit this letter brief in response to Plaintiff's June 18, 2008 motion to compel discovery. Plaintiff seeks documents pertaining to the business relationships between Defendants and other entities. In particular, Plaintiff seeks documents from three law firms that Defendant Zappier customized the Matters software for, and documents from RAD Technologies, Inc., Defendant Zappier's computer consulting business.

    Defendants object to this request. First, this request is completely irrelevant to the issues at hand. This action concerns whether Defendants used Plaintiff's proprietary information in creating the ATS Software. Documents relating to Defendants' work and business relationships with the other law firms have no bearing at all on the ATS Software, or its disputed connection with Plaintiff's interests. It is not even alleged that ATS was used or related to these other businesses. Plaintiff has no entitlement to documents regarding Defendant Zappier's ownership of RAD Technologies, Inc., because no connection can be established or is alleged between this information and the alleged improper use of Plaintiff's information.

In this vein, it is important to note that Defendant Zappier's business involvement with the three other law firms at issue preceded his work with Plaintiff. He first began working as a software consultant for Mandel, Katz, Manna, and Brosman LLP in 1997, for Kieselstein & Lee LLP in 1999, and for Sabharwal, Globus & Lim LLP in 2003. This fact is even acknowledged in the agreement between Defendant Zappier and Esbin & Alter, which contains the statement that "prior to working for Firm, Consultant used Consultant's own predecessor version ("Predecessor Version") of Matters for other companies.[1] Furthermore, while Plaintiff mentions for the first time the non-compete provision in the agreement as a basis for the document request, we note that the non-compete provision is not at issue in this action, and also highlight the fact that the agreement was executed on August 15, 2007.

Finally, Plaintiff's document request is particularly objectionable in the procedural context of an expedited discovery process. Plaintiff's motion for expedited discovery was made and granted by the court in anticipation of a motion for preliminary injunction regarding the ATS software. Requests for documents in expedited discovery are not appropriate when they are not tailored to the circumstances and the specific issues relevant to a preliminary injunction. Federal Exp. Corp. v. Federal Espresso, Inc., 1997 WL 736530 at *2 (N.D.N.Y., 1997). Documents relating to Defendants' existing business with other law firms, or to RAD Technologies, Inc., are not relevant in any way to Plaintiff's potential for injury. As a result, Plaintiff's motion to compel should be denied.

> Sincerely,
>
> THE BOYD LAW GROUP, PLLC
>
> Patrick J. Boyd
> *Counsel for Defendants*

cc: Daniel Alter, Esq.

---

[1] In referring to this agreement, Defendant Zappier does not waive his right to contest the authenticity and validity of the version of the agreement tendered by Plaintiff in this proceeding. As previously noted in the Memorandum of Law in Support of Defendant Zappier's Motion to Dismiss, Mr. Zappier believes Plaintiff's current version of the agreement is not the final version he reviewed and executed.

2